UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS R. HARPER,<br><br>    Movant,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE,<br><br>    Respondent.<br>_____/ | No. C-12-80167 MISC EMC<br><br>**SECOND ORDER DENYING MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF THE RIGHT TO FINANCIAL PRIVACY ACT**<br><br>**(Docket No. 1)** |

On July 16, 2012, movant Curtis Harper filed a "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act [RFPA] of 1978." Docket No. 1; *see* 12 U.S.C. § 3410. Mr. Harper contends that the government's subpoena of his financial records from Delta Community Credit Union is "a malicious prosecution attempt, not related [] to a legitimate law enforcement enquiry," and that therefore the Court should quash the subpoena. Docket No. 2 at 2. On August 2, 2012, this Court directed Defendant to file its sworn response to Mr. Harper's motion. Docket No. 6. Defendant states that it is investigating "allegations that Harper defrauded the United States Department of Defense of approximately $162,023.00 by making and using false travel claims and Basic Allowance for Housing (BAH) documents while on active duty orders in violation of 18 U.S.C. § 641 (Larceny of Government Property/Funds) and 18 U.S.C. § 1001 (False Statements)." Opp., Docket No. 7, at 5. The government contends the financial records it seeks are relevant to its investigation because they will help establish, *inter alia*, what payments he made from and received to his bank account, whether said payments establish his residency in the state in which

he claimed to live, and whether he intended to defraud the government. *See* Wojnar Decl., Docket No. 7-1, ¶ 1.

Under the RFPA, a customer of a financial institution to whom an administrative summons has been served may move to quash the summons. *See* 12 U.S.C. § 3410(a). Section 3410 provides the sole judicial remedy available to a customer opposing the disclosure of financial records under the RFPA. *See id.* § 3410(e). "The motion must be supported by a sworn statement 'stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of [the RFPA].'" *Nelson v. U.S. S.E.C.*, C08-80080 MISC-JF-HRL, 2008 WL 2444794 (N.D. Cal. June 16, 2008) (citing § 3410(a)(2)). "The RFPA provides only three grounds on which the district court may quash a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry or (2) the records requested are not relevant to the agency's inquiry or (3) the agency has not substantially complied with the RFPA." *Sandsend Financial Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989).

Thus, pursuant to 12 U.S.C. § 3410(c), "[i]f the court finds that . . . there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it *shall* deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced." (Emphasis added). In the instant case, Defendant has provided ample evidence that it is pursuing a legitimate law enforcement inquiry, and that Mr. Harper's financial records are directly relevant to that inquiry. *See generally* Wojnar Decl. (describing investigative findings to date and explaining the need for financial records to corroborate or disprove the allegations). Mr. Harper's argument provides no basis for challenging the legitimacy of the government's investigation; at most, it indicates that he disagrees with the merits of the allegations under investigation. However, the government faces a minimal burden to prevail; that its allegations may be incorrect is no basis for denying its subpoena. *See Sandsend*, 878 F.2d at 882 ("An agency 'can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.'") (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950)). "So long as the material

requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Id.* (internal citations and quotation marks omitted).  Here, the government clears that threshold.

Accordingly, the Court **DENIES** Mr. Harper's motion to quash.  The Clerk shall close the file.

This disposes of Docket No. 1.

IT IS SO ORDERED.

Dated: August 8, 2012

_____
EDWARD M. CHEN
United States District Judge